## WILLIAM STEIN ET AL.
### v.
## IRA H. ABELL.

*Trust Deeds—Foreclosure—Extension—Election to Declare Principal Due—Evidence.*

Upon a bill to foreclose a trust deed this court affirms the decree of the court below for the complainant, the defense that the notes secured were extended without a reservation of the right to declare the whole principal due for default, not being sustained by the evidence.

[Opinion filed December 7, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. IRA W. BUELL, for appellants.

Mr. R. A. CHILDS, for appellee.

McALLISTER, J.    This was a bill in chancery, brought January 26, 1886, by appellee against appellant Stein and others, to foreclose a trust deed of certain real estate therein described, made July 1, 1882, by said Stein to one Chase, as trustee, to secure the payment of a promissory note of that date, made by said Stein to Ruth G. Abell, whereby the former promised to pay the latter the sum of $1,200, three years after date, with interest at the rate of six per cent. per annum, payable semi-annually on the first days of January and July, until principal and interest were paid.    The trust deed, which was set out in the bill, contained the usual covenants as to taxes, and the provision giving the said payee or any holder of said note the right to declare the whole indebtedness due in case of default in paying any taxes, said interest or principal, or any part thereof, when due.    The bill alleges that said Ruth assigned said note to appellee before maturity, and default in Stein, praying for a foreclosure, etc.    The defense relied upon by Stein was that when the note matured, the appellee, as holder of said note, for a valuable consideration, orally agreed with said Stein to extend the time of payment of said note for the period of three years, which had not expired at the commencement of this suit; that this was a new agreement which failed to reserve the rights of appellee under said trust deed, and the provision as to the right of election to declare the whole principal due for default in paying any installment of interest; and that, although Stein had since such new agreement made default as to payment of interest according to the terms of the note and trust deed, still the principal could not be declared due before the time of such extension expired.

Issue having been taken upon the answer, the case was referred to a master to take proofs and report his conclusions. The evidence was taken before the master, and his report of the same and conclusions therefrom were made. Upon which a decree passed, finding the whole sum due for principal and interest, and. directing a sale and foreclosure; from that decree this appeal was taken. The record contains no bill of exceptions or certificate of evidence.

We have carefully examined the evidence taken before and reported by the master, and are of opinion that it preponderates against the defense relied upon, and in support of the decree, which should be affirmed.

*Affirmed.*